**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMVEL MKHOYAN; LIANA GRIGORYAN,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72501<br><br>Agency Nos.  A098-848-407<br> A098-848-408<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2012[**]
San Francisco, California

Before: TROTT, RAWLINSON, and CUDAHY,[***] Circuit Judges.

 Petitioners Samvel Mkhoyan and Liana Grigoryan seek review of a final

order of removal issued by the Board of Immigration Appeals (BIA). The BIA

---

 [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***]  The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

affirmed the Immigration Judge's (IJ) adverse credibility determination and denial

of their application for asylum, withholding of removal, and relief under the

Convention Against Torture (CAT).[1]

**1.**     Substantial evidence supports the IJ's adverse credibility determination

given Mkhoyan's implausible explanations for the factual inconsistencies in his

testimony and his failure to provide corroborating evidence. *See Shrestha v.*

*Holder*, 590 F.3d 1034, 1047-48 (9th Cir. 2010).

**2.**     Substantial evidence supports denial of Mkhoyan's asylum application,

because he failed to establish that his mistreatment constituted persecution and was

on account of his political opinion. Although Mkhoyan was detained overnight and

beaten by the police, we have held that single, isolated encounters with the

authorities do not constitute past persecution. *See Prasad v. INS*, 47 F.3d 336, 339

(9th Cir. 1995); *Gu v. Gonzales*, 454 F.3d 1014, 1018, 1020-21 (9th Cir. 2006).

Further, the evidence does not compel a finding that his political opinion was a

---

[1] Petitioners filed their application after May 11, 2005, and therefore the REAL ID Act applies to this case. *See Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1017 n.5 (9th Cir. 2011).

central reason for his mistreatment, given that he was detained for refusing to vacate the military base. *See Zhiqiang Hu*, 652 F.3d at 1017.

**3.** Because Mkhoyan failed to establish eligibility for asylum, his application for withholding of removal also fails. *See Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009), *as amended* ("[A]n alien who fails to satisfy the lower standard of proof required to establish eligibility for asylum necessarily fails to establish eligibility for withholding of removal.") (citation omitted).

**4.** Because Mkhoyan's application for CAT relief was premised on the same evidence as his asylum and withholding of removal claims, CAT relief was properly denied. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1125 (9th Cir. 2010).

**PETITION DENIED.**